**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

**MOHAMAD MAHMOUD JAFAR,**

               **Petitioner(s),**      **CIVIL NUMBER: 05-71568
CRIMINAL NUMBER: 01-81053
HONORABLE VICTORIA A. ROBERTS**

**v.**

**UNITED STATES OF AMERICA,**

               **Respondent(s).**

_____/

**ORDER DENYING PETITIONER'S
MOTION FOR RELEASE ON BOND PENDING APPEAL**

This matter is before the Court on Petitioner Mohamad Mahmoud Jafar's Motion for Release on Bond Pending Appeal. For the reasons stated below, the motion is **DENIED**.

Petitioner requests that he be released on bond pending resolution of his appeal, and that the Court advise as to the status of the appeal. First, Petitioner's inquiry regarding the status of his appeal must be directed to the Sixth Circuit. Second, Petitioner failed to establish that granting him bond pending appeal is warranted.

Under the Bail Reform Act of 1984, 18 U.S.C. §3143(b)(1), a defendant who appeals his sentence is not entitled to remain on bond during the pendency of the appeal unless the defendant shows that he is not a flight risk or danger to the community, and that the appeal is not for the purpose of delay and raises a substantial question of law or fact:

1

(b) Release or detention pending appeal by the defendant.--(1) Except as provided in paragraph (2), the judicial officer shall order that a person who has been found guilty of an offense and sentenced to a term of imprisonment, and who has filed an appeal or a petition for a writ of certiorari, be detained, unless the judicial officer finds--

(A) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c) of this title; and

(B) that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in--

(i) reversal,

(ii) an order for a new trial,

(iii) a sentence that does not include a term of imprisonment, or

(iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.

The Court finds that Defendant failed to establish that his appeal raises a substantial question of law or fact.

"[A]n appeal raises a substantial question when the appeal presents a 'close question or one that could go either way' and . . . the question 'is so integral to the merits of the conviction that it is more probable than not that reversal or a new trial will occur if the question is decided in the defendant's favor.'" *United States v Pollard*, 778 F.2d 1177, 1182 (6th Cir. 1985)(*quoting United States v Powell,* 761 F.2d 1227 (8th Cir. 1985)).  Although the Court found in its grant of Petitioner's motion for certificate of appealability, *see* Order, September 22, 2005 (Case No. 01-81053), that reasonable jurists could disagree regarding the merits of his appeal, the Court is not persuaded that it is more probable than not that Petitioner will prevail on either of the claims certified. Therefore, Petitioner's Motion for Release on Bond Pending Appeal is **DENIED**.

2

**IT IS SO ORDERED.**

S/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated:  May 18, 2006

The undersigned certifies that a copy of this
document was served on the attorneys of
record and pro se plaintiff by electronic
means or U.S. Mail on May 18, 2006.

S/Carol A. Pinegar
Deputy Clerk

3